**HOBBIE & DECARLO, P.C.**
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
Attorneys for Plaintiffs
NORMAN M. HOBBIE, ESQ. (NMH-2679)
JACQUELINE DECARLO, ESQ. (JD-2676)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARIANNA MAFFEI,<br>Plaintiff,<br><br>v.<br><br>UBER, Inc., MALIK RASUL and BRANDON GARCIA,<br>Defendants | **Civil Action**<br><br>Case No.:<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, Arianna Maffei, residing at 169 Chestnut Avenue, in the Township of Jackson, County of Ocean, State of New Jersey, by way of Complaint against the Defendants, state:

**PARTIES**

1. Plaintiff, Arianna Maffei, is a citizen and resident of the Township of Jackson, County of Ocean, and State of New Jersey with an address of 5 Rutherford Court, Jackson, New Jersey.

2. Defendant, Malik Rasul, is a citizen and resident of the Borough of Brooklyn, State of New York, with an address of 336 East 9th Street, Brooklyn, New York.

3. Defendant, Uber, Inc., has a main headquarters located in New York City, New York.

4. Defendant, Brandon Garcia, is a citizen and resident of Staten Island, New York, with an address of 68 Benjamin Drive, Staten Island, New York.

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1332 because:

   (a) There is complete diversity of citizenship between the Plaintiff and the named Defendants.

   (b) There is more than $75,000 in controversy in this action, exclusive of interests and costs.

   (c) Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## FIRST COUNT

1. On July 16, 2021, Plaintiff, Arianna Maffei was the lawful operator of a motor vehicle, which was proceeding westbound on Victory Boulevard at or near its intersection with Morani Street in the Borough of Staten Island, City of New York and State of New York.

2. At all times pertinent hereto, Defendant, Uber, Inc., through its principals, administrators, agents, employees and/or representatives, was the employer, principal or master of Defendant, Malik Rasul.

3. On or about July 16, 2021 and at all times pertinent hereto, Defendant Malik Rasul was acting within the scope of his employment with Defendant Uber, Inc., when he suddenly and unexpectedly caused a collision with Plaintiff's vehicle.

4. Accordingly, Defendant Uber, Inc., is vicariously liable pursuant to <u>respondent superior</u> and any other applicable legal doctrines of agency, for the harm caused to Plaintiff as a result of the July 16, 2021 collision caused by Defendant Uber's employee/agent/servant, Defendant Malik Rasul.

5. Moreover, on or about July 16, 2021, and at all times pertinent hereto, Defendant, Uber, Inc., through it principals, administrators, agents, employees, servants and/or

representatives, had a duty to ensure that the driver that Defendant instructed/entrusted to perform work on behalf of Defendant Uber, Inc., would drive/perform that work in a careful and prudent manner when acting within the scope of his employment so as to avoid an unreasonable risk of injury to others.

6. At all times relevant hereto, Defendant, Uber, Inc., engaged in negligent, careless and reckless hiring, training, retention and supervision of persons (specifically Defendant Malik Rasul) who it knew or should have known would operate vehicles negligently, carelessly and recklessly while acting within the scope of employment.

7. As a result of the aforesaid conduct of Defendant, Uber, Inc., Defendant, Malik Rasul caused a collision while operating his motor vehicle within the scope of his employment. As a result, Plaintiff was caused to sustain severe and permanent injuries and/or an aggravation/exacerbation of a prior injury, for which Defendant Uber, Inc., is directly and/or vicariously liable.

8. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, Uber, Inc., as aforesaid, said Defendant is both primarily and vicariously liable for Plaintiff's injuries.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant, Uber, Inc., jointly and severally, for compensatory damages, together with interest, costs of suit, attorneys' fees and such other relief as the Court may deem just and equitable.

**SECOND COUNT**

1. Plaintiff repeats and realleges each and every allegation in the preceding counts of this Complaint and incorporate same by reference, as though more fully set forth at length herein.

2. At all times pertinent herein, Defendant, Malik Rasul, during the course of his employment with Uber, Inc., was the owner and operator of a motor vehicle which was traveling westbound on Victory Boulevard at or near its intersection with Morani Street in the Borough of Staten Island, City of New York and State of New York.

3. At all times pertinent hereto, Defendant, Malik Rasul had a duty to operate his motor vehicle in a safe and prudent manner so as to avoid causing an unreasonable risk of injury to others.

4. On July 16, 2021, Defendant, Malik Rasul, negligently, carelessly and recklessly breached his duty as aforesaid in that he operated the motor vehicle in a negligent and careless manner, failed to make proper observations, failed to take evasive action, traveled at a speed in excess of that which was appropriate for the conditions then existing, and otherwise violated the laws of general negligence and the laws of the State governing the safe operation of motor vehicles, so as to cause the collision with the motor vehicle operated by Plaintiff, Arianna Maffei.

5. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Malik Rasul, as aforesaid, Plaintiff, Arianna Maffei, sustained serious and permanent physical injury and/or an aggravation/exacerbation of a prior injury, and emotional grief, torment and anguish, has been and will in the future be prevented from engaging in her usual pursuits and activities, has been and will in the future be caused to expend great sums of money in an effort to seek a cure for her injuries, has been and will in the future be caused to sustain great economic loss, and has been and will in the future be caused to sustain a loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Arianna Maffei, hereby demands judgment in her favor against Defendant, Malik Rasul, for compensatory damages, together with interests, costs of suit and attorneys fees, and such other relief as the Court may deem just and equitable.

**THIRD COUNT**

1. On July 16, 2021, Plaintiff, Arianna Maffei was the lawful operator of a motor vehicle, which was proceeding westbound on Victory Boulevard at or near its intersection with Morani Street in the Borough of Staten Island, City of New York and State of New York.

2. At all times pertinent herein, Defendant, Brandon Garcia, was the owner and operator of a motor vehicle which was traveling westbound on Victory Boulevard at or near its intersection with Morani Street in the Borough of Staten Island, City of New York and State of New York.

3. At all times pertinent hereto, Defendant, Brandon Garcia had a duty to operate his motor vehicle in a safe and prudent manner so as to avoid causing an unreasonable risk of injury to others.

4. On July 16, 2021, Defendant, Brandon Garcia, negligently, carelessly and recklessly breached his duty as aforesaid in that he operated the motor vehicle in a negligent and careless manner, failed to make proper observations, failed to take evasive action, traveled at a speed in excess of that which was appropriate for the conditions then existing, and otherwise violated the laws of general negligence and the laws of the State governing the safe operation of motor vehicles, so as to cause the collision with the motor vehicle operated by Plaintiff, Arianna Maffei.

5. As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Brandon Garcia, as aforesaid, Plaintiff, Arianna Maffei, sustained serious and

permanent physical injury and/or an aggravation/exacerbation of a prior injury, and emotional grief, torment and anguish, has been and will in the future be prevented from engaging in her usual pursuits and activities, has been and will in the future be caused to expend great sums of money in an effort to seek a cure for her injuries, has been and will in the future be caused to sustain great economic loss, and has been and will in the future be caused to sustain a loss of enjoyment of life.

**WHEREFORE**, Plaintiff, Arianna Maffei, hereby demands judgment in her favor against Defendant, Brandon Garcia, for compensatory damages, together with interests, costs of suit and attorneys fees, and such other relief as the Court may deem just and equitable.

HOBBIE & DECARLO, P.C.
Attorneys for Plaintiffs

BY:________________________________
NORMAN M. HOBBIE, ESQ.

DATED: June 22, 2022

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a trial by jury as to all issues raised in the within pleading.

HOBBIE & DECARLO, P.C.
Attorneys for Plaintiffs

BY:________________________________
NORMAN M. HOBBIE, ESQ.

DATED: June 2, 2022

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to R. 4:25, Norman M. Hobbie, Esq. is hereby designated as trial counsel herein.

HOBBIE & DECARLO, P.C.
Attorneys for Plaintiffs

BY:______________________________
NORMAN M. HOBBIE, ESQ.

DATED: June 22, 2022

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that:

1. The within matter is not the subject of any other proceeding or arbitration;
2. No other proceeding or arbitration is contemplated herein;
3. All parties presently known to Plaintiff have been identified herein.

HOBBIE & DECARLO, P.C.
Attorneys for Plaintiff

BY:______________________________
NORMAN M. HOBBIE, ESQ.

DATED: June 22, 2022

**VERBAL THRESHOLD CERTIFICATION**

Pursuant to R. 15:4-1, the Verbal Threshold Certification of Dr. Kevin K. Hsu, M.D., (as to Plaintiff Arianna Maffei) is attached hereto and made a part hereof.

HOBBIE & DECARLO
Attorneys for Plaintiffs

BY: ______________________________
NORMAN M. HOBBIE, ESQ.

DATED: June 22, 2022

**HOBBIE & DECARLO**
A Professional Corporation
125 Wyckoff Road
Eatontown, NJ 07724
(732) 380-1515
Attorneys for Plaintiff

| | |
|---|---|
| ARIANNA MAFFEI,<br><br>Plaintiff,<br><br>v.<br><br>MALIK RASUL, UBER INC., and BRANDON GARCIA,<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>DOCKET NO.<br><br>**Civil Action**<br><br>**CERTIFICATION OF PERMANENCY OF KEVIN K. HSU, MD** |

I, Kevin K. Hsu, M.D., of full age, hereby certify as follows:

1. I am an board certified physician with offices located at 728 Bennetts Mills Road, Jackson, New Jersey.

2. I have treated the plaintiff as a result of injuries she sustained in a severe motor vehicle crash which occurred on July 16, 2021.

3. Plaintiff presented with complaints of pain to her neck.

4. In my opinion, based on my clinical examinations and a review of certain diagnostic studies, MRI of the cervical spine, I believe Ms. Maffei sustained a disc herniation at C6-C7.

5. Based on the aforementioned, I believe Ms. Maffei sustained permanent injuries within a reasonable degree of medical probability in the July 16, 2021 motor vehicle crash.

6. This opinion is made within a reasonable degree of medical probability.

7. I have no financial interest in the outcome of this case.

I HEREBY CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:

Kevin K. Hsu, MD